

FILED & JUDGMENT ENTERED
Christine F. Winchester

October 29 2025

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Benjamin A. Kahn
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Applied Machinery Rentals, LLC | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No. 23-30461 |
| _____ | ) | |
| | ) | |
| Cole Hayes, Chapter 7 Trustee | ) | |
| for the Bankruptcy Estate of | ) | |
| Applied Machinery Rentals, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-03091 |
| | ) | |
| Hyatt Corporation, | ) | |
| Range Developments Limited, | ) | |
| Christophe Harbour Development | ) | |
| Company, Limited, & | ) | |
| Hyatt Services Caribbean, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO DISMISS AS MOOT**

This adversary proceeding is before the Court on the Complaint filed by Cole Hayes, as Chapter 7 Trustee ("Plaintiff") for the Bankruptcy Estate of Applied Machinery Rentals, LLC on July 11, 2025. ECF No. 1. On September 22, 2025, Defendant Hyatt

Corporation filed a Motion to Dismiss the Adversary Proceeding under Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012(b). ECF No. 15. Also on September 22, 2025, Defendant filed a Declaration of Michelle Theis in Support of its Motion to Dismiss the Complaint. ECF No. 16. Defendant seeks dismissal only for itself, and not on behalf of the other Defendants. On October 13, 2025, and within 21 days after service of the Rule 12(b) Motion, Plaintiff filed an Amended Complaint as a matter of course under Rule 15(a)(1)(B), made applicable to this adversary proceeding by Bankruptcy Rule 7015. ECF No. 18.

It remains "well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot." Stein L., P.C. v. Pharma Supply, Inc., No. 3:14-CV-269-RJC-DCK, 2014 WL 5454310, at *1 (W.D.N.C. Sept. 30, 2014) (citing, inter alia, Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); Colin v. Marconi Com. Sys. Emps.' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint")). As an exception to the general rule, when claims remain substantively the same, a court has discretion to consider a pending motion to dismiss to the extent the defects of which the movant complains remain in the amended complaint. See, e.g., Davis

v. Baylor Regional Med. Ctr. at Grapevine, No. 3:11-CV-1350, 2013 WL 866173, at *1 (N.D. Tex. Mar. 8, 2013) ("If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading." (quoting 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE CIVIL § 1476 (2010))). However, where a motion to dismiss pertains to claims removed in an amended complaint, dismissal as moot is appropriate. Cf. McCall v. FedEx Corp., No. 2:17-CV-381, 2018 WL 1565607, at *2 (S.D. Ohio Mar. 30, 2018); see also Enyart v. Karnes, No. 2:09-CV-687, 2010 WL 4823061, at *2 n. 5 (S.D. Ohio Nov. 12, 2010) (King, M.J.) ("Because plaintiff's anticipated amended complaint only adds new parties that do not change the substantive allegations against defendant . . . , the anticipated amended complaint will not moot defendant['s] pending motion for summary judgment."). Plaintiff timely filed the Amended Complaint as of right, the Amended Complaint contains amended factual allegations and withdrew Plaintiff's Unjust Enrichment claim. ECF No. 18, at ¶¶ 36-47. Because the Amended Complaint alters Plaintiff's allegations, and because Defendant's Motion to Dismiss pertains, in part, to Plaintiff's Unjust Enrichment claim which was not included in Plaintiff's Amended Complaint, the Defendant's Motions to Dismiss is moot. To the extent that movant contends the Amended Complaint contains similar defects as the original, the Court will consider them if properly and timely raised in response to the Amended Complaint. See Fed. R. Civ. P. 15(a)(3).

```
     NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

that the Motion to Dismiss is denied as moot.

                        [END OF DOCUMENT]
```

**SO ORDERED**.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |