**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re:<br><br>APPLIED MACHINERY RENTALS, LLC<br><br>Debtor. | Case No. 23-30461<br><br>Chapter 7 |
| COLE HAYES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF APPLIED MACHINERY RENTALS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HYATT CORPORATION, RANGE DEVELOPMENT LIMITED AND CHRISTOPHER HARBOUR DEVELOPMENT COMPANY LIMITED and HYATT SERVICES CARIBBEAN, L.L.C.,<br><br>Defendant. | Adv. No. 25-03091 |

**MOTION OF HYATT CORPORATION TO DISMISS FIRST AMENDED COMPLAINT**
**FOR FAILURE TO STATE A CLAIM**
**UPON WHICH RELIEF CAN BE GRANTED**

**NOW COMES** Hyatt Corporation ("Hyatt Corp."), by and through undersigned counsel,

who hereby submits this motion (the "Motion"), pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding pursuant

to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to

dismiss the *First Amended Complaint* [Adv. Pro. Docket No. 18] (the "Amended Complaint")

filed by Cole Hayes, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Applied

Machinery Rentals, LLC for failure to state a claim upon which relief can be granted.

In support of the Motion, Hyatt Corp. has concurrently filed the *Declaration of Michelle Theis in Support of Motion of Hyatt Corporation to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted* (the "Declaration").

## I.
## PRELIMINARY STATEMENT

1.  Hyatt Corp. seeks to dismiss the Amended Complaint filed by the Trustee in its entirety as to Hyatt Corp. because Hyatt Corp. did not receive the allegedly fraudulent transfers at issue.  As explained herein and in the accompanying Declaration, Hyatt Corp. did not receive the transfers because Hyatt Corp. does not own or operate the Park Hyatt St. Kitts Christophe Harbour resort, or its operating bank account.

2.  A necessary element of any fraudulent transfer action under the Bankruptcy Code or North Carolina state law is that the recipient actually received the allegedly fraudulent transfers at some point in time.  Since Hyatt Corp. never received the transfers, the cause of action in the Amended Complaint for fraudulent transfer against Hyatt Corp. must be dismissed. *See* Declaration, ¶¶ 4-8.  The Trustee has failed to state any claims against Hyatt Corp. upon which relief can be granted; therefore, the Court should dismiss the Amended Complaint as to Hyatt Corp..

## II.
## RELEVANT BACKGROUND

3.  On July 17, 2023 ("Petition Date"), Applied Machinery Rentals, LLC (the "Debtor") filed a voluntary bankruptcy petition for relief under chapter 7 of the Bankruptcy Code in this Court.

### A.     The Adversary Complaint

4.       On July 11, 2025, the Trustee filed the *Complaint* [Adv. Pro. Dkt No. 1] against three defendants: (i) Hyatt Corporation; (ii) Range Developments Limited; and (iii) Christophe Harbour Development Company, Limited.  On September 22, 2025, Hyatt Corp. filed the *Motion of Hyatt Corporation to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted* [Adv. Pro. Dkt. No.15].   In response, on October 13, 2025, the Trustee filed the Amended Complaint and added Hyatt Services Caribbean, L.L.C. as an additional defendant (together with Hyatt Corp, Range Developments Limited, and Christophe Harbour Development Company, Limited, the "Defendants").

5.       The Trustee alleges that the Defendants acted "together to own, operate, and manage the Park Hyatt St. Kitts Christophe Harbour resort located in the Federation of Saint Christopher (St Kitts) and Nevis under the 'Park Hyatt" luxury hotel brand.  Amended Complaint, ¶ 7.  Hyatt Corp. is seeking dismissal for itself and does not represent the other Defendants.  The Trustee also alleges that the Debtor's principal operated a Ponzi scheme and that from 2019 to 2023, the Debtor's principal allegedly transferred $81,981.23 (the "Transfers") to "the Defendants".  *Id.*, ¶ 33.  The Trustee fails to identify how much each Defendant received from each Transfer or how much Hyatt Corp. received from the Debtor.

6.        The Amended Complaint asserts one claim for relief under which the Trustee seeks to the avoid the Transfers as actual or constructive fraudulent transfers under the Bankruptcy Code and North Carolina state law.  *Id.* ¶¶ 59-75.

### B.     Prepetition Relationship Between The Debtor and Hyatt Corporation

7.       As stated in the Declaration, Hyatt Corp. never had a relationship with the Debtor. Declaration, ¶ 5.

8.      Hyatt Corp. (i) has no ownership interest in the Park Hyatt St. Kitts Christophe Harbour resort located in the Federation of Saint Christopher (St Kitts) and Nevis, (ii) does not own or have access to the operating bank account of Park Hyatt St. Kitts Christophe Harbour, and (iii) does not own or operate any bank accounts in the country of St. Kitts and Nevis. Declaration, ¶¶ 5-7.

9.      The Trustee also alleges that "the reservations for the stays at the Park Hyatt St. Kitts Christophe Harbour resort, which the Transfers facilitated, were made through Defendant Hyatt's website and secured by the AMR American Express credit card."  Amended Complaint, ¶ 41.  As stated in the Declaration, the website www.Hyatt.com does not accept any form of payment (credit card or otherwise) for any bookings at any Hyatt property. Declaration, ¶ 9.

### III.
### LEGAL STANDARD FOR MOTION TO DISMISS

10.      A motion to dismiss in an adversary bankruptcy proceeding is governed by Federal Rule of Bankruptcy Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(i).  *See* FED. R. BANKR. P. 7012(b)("Fed. R. Civ. P. 12 (b)–(i) applies in an adversary proceeding.").  When acting on a motion to dismiss under FED. R. CIV. P. 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Tyler v. Wells Fargo Bank, N.A.,* No. 5:18-CV-31-BO, 2018 U.S. Dist. LEXIS 176259, at *3 (E.D.N.C. Oct. 12, 2018)(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)).

11.      "A complaint must allege enough facts to state a claim for relief that is facially plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Facial plausibility means that the facts as pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported

-4-

by conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .". *Id.* at 555-56 (internal citations omitted).

## IV.
## ARGUMENT

**A.** **The Sole Claim for Relief Must Be Dismissed - The Trustee Has Failed to State A Claim For Actual or Constructive Fraudulent Transfer**

12. In his first claim for relief, the Trustee seeks to avoid the Transfers as actual or constructive fraudulent transfers under the Bankruptcy Code and North Carolina state law. The first claim for relief must be dismissed because Hyatt Corp. never received any of the Transfers nor did the Debtor incur any obligations to Hyatt Corp. in connection with the Transfers. Section 548(a) of the Bankruptcy Code provides that:

> (a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> > (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
> >
> > (B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a).

13.     North Carolina state law similarly provides that:

(a) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) With intent to hinder, delay, or defraud any creditor of the debtor; or

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

a. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

b. Intended to incur, or believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

N.C. GEN. STAT. § 39-23.4 (2025).

14.     It is an element of a fraudulent transfer action under section 548 (and the North Carolina Uniform Voidable Transactions Act) that the trustee can only avoid a "transfer . . . of an interest of the debtor in property, . . ." 11 U.S.C. § 548(a); *see also* N.C. GEN. STAT. § 39-23.4.

In turn, the Bankruptcy Code defines "Transfer" as: "(A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—(i) property; or (ii) an interest in property." 11 U.S.C. § 101(54).  The North Carolina Uniform Voidable Transactions Act similarly defines "Transfer" as: "Every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset and includes payment of money, release, lease, license, and creation of a lien or other encumbrance." N.C. GEN. STAT. § 39-23.1 (12).

15.     Here, the sole claim for relief must be dismissed because the Debtor did not transfer the Transfers to Hyatt Corp.. *See e.g., PRN Real Est. & Invs., Ltd. v. Cole*, 85 F.4th 1324, 1342 (11th Cir. 2023)("Fraudulent transfers generally involve two parties: the transferor and the recipient."). Notably, in paragraph 33 of the Amended Complaint, the Trustee alleges that from 2019 to 2023, the Debtor's principal allegedly made the Transfers to "the Defendants". *Id.*, ¶ 33. **The Trustee fails to identify how much of the Transfers were received by Hyatt Corp.**  The Trustee also admits that the Transfers were each made to "Park Hyatt St. Kitts" but that name is neither a "valid legal entity that conducts business nor the trade name for any that is." Amended Complaint, ¶¶ 42, 44.

1.     As stated in the Declaration, Hyatt Corp. did not receive any of the Transfers in question and Hyatt Corp. was not the intended beneficiary of the Transfers.  Declaration, ¶¶ 4-7. Nor did the Debtor incur any debt to Hyatt Corp. in connection with the Transfers. *Id.*, ¶ 4. Because Hyatt Corp. did not receive the Transfers in question, it is not the recipient of any fraudulent transfer made by the Debtor.  In addition, the website www.Hyatt.com does not process any form of payment (credit card or otherwise) for any reservations at any Hyatt-branded

property.  Based on this fact, and the other statements in the Declaration, Hyatt Corp. believes that the Transfers were made by credit card directly to the Park Hyatt St. Kitts Christophe Harbour resort, which Hyatt Corp. has no interest in.  Declaration, ¶¶ 4-9.  Further, Hyatt Corp. never "conducted business" on behalf of any of the other Defendants.  *Compare* Declaration, ¶ 8 with Amended Complaint, ¶ 47  Accordingly, the sole claim for relief in the Amended Complaint must be dismissed.

## V.    CONCLUSION

**WHEREFORE,** Hyatt Corp. respectfully requests that the Court dismiss the First Amended Complaint in its entirety as to Hyatt Corp. and grant such other and further relief as is appropriate.

Dated: November 13, 2025.

/s/ *Ethridge B. Ricks*
Ethridge B. Ricks
N.C. State Bar No. 48046
Telephone: (704) 343-2235
Facsimile: (704) 373-8829
E-mail:  bricks@mcguirewoods.com
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202

-and-

R. Scott Alsterda
*Admitted Pro Hac Vice*
Telephone: (312) 977-9203
Facsimile:  (844) 566-1442
E-mail: rsalsterda@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street
Suite 5200
Chicago, IL 60602

-and-

Christopher J. Fong
*Admitted Pro Hac Vice*
Telephone: (212) 940-3724
Facsimile: (855) 900-8613
E-mail: cfong@nixonpeabody.com
NIXON PEABODY LLP

55 West 46th Street
New York, NY 10036

*Counsel for Defendant Hyatt Corp.*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re: | Case No. 23-30461 |
| APPLIED MACHINERY RENTALS, LLC | Chapter 7 |
| Debtor. | |
| COLE HAYES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF APPLIED MACHINERY RENTALS, LLC, | |
| Plaintiff, | Adv. No. 25-03091 |
| vs. | |
| HYATT CORPORATION, RANGE DEVELOPMENT LIMITED AND CHRISTOPHER HARBOUR DEVELOPMENT COMPANY LIMITED and HYATT SERVICES CARIBBEAN, L.L.C., | |
| Defendant. | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that Hyatt Corporation ("Hyatt Corp."), by and through undersigned counsel, has filed its *Motion Of Hyatt Corporation to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can be Granted* (the "Motion").

PLEASE TAKE FURTHER NOTICE that your rights may be affected by the Motion. You should read the Motion carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be conducted before the Honorable Benjamin A. Kahn at the United States Bankruptcy Court, Charles Jonas Federal Building, 401 West Trade Street, Courtroom 2B, Charlotte, NC 28202 on **January 7, 2026 at 11:00 A.M. (ET)**.

PLEASE TAKE FURTHER NOTICE that the Court may grant the relief requested in the Motion at said hearing.

[*Remainder of Page Intentionally Blank; Signatures Follow*]

Dated: November 13, 2025.

/s/  *Ethridge B. Ricks*
Ethridge B. Ricks
N.C. State Bar No. 48046
Telephone: (704) 343-2235
Facsimile: (704) 373-8829
E-mail:  bricks@mcguirewoods.com
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202

-and-

R. Scott Alsterda
*Admitted Pro Hac Vice*
Telephone: (312) 977-9203
Facsimile:  (844) 566-1442
E-mail: rsalsterda@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street
Suite 5200
Chicago, IL 60602

-and-

Christopher J. Fong
*Admitted Pro Hac Vice*
Telephone: (212) 940-3724
Facsimile: (855) 900-8613
E-mail: cfong@nixonpeabody.com
NIXON PEABODY LLP
55 West 46th Street
New York, NY 10036

*Counsel for Defendant Hyatt Corporation*

2